IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN MULLER | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRISTOL TOWNSHIP and the BRISTOL | : | |
| TOWNSHIP POLICE DEPARTMENT | : | |
| | : | |
| Defendants. | : | NO. 09-1086 |

**MEMORANDUM**

GENE E.K. PRATTER, J.                                                                                          SEPTEMBER 17, 2009

Martin Muller claims that Bristol Township violated his rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and, hence, violated Title 42 U.S.C. §§ 1983, 1985, and 1986.[1]  The Township filed a motion to dismiss,[2] which Mr. Muller opposes.  Oral argument was held on September 1, 2009.  For the reasons that follow, the Court grants the Motion to Dismiss without prejudice to Mr. Muller to file anew should he determine it is feasible for him to do so..

**II.    STATEMENT OF ALLEGED FACTS**

The harrowing scenario described by Mr. Muller is worthy of a television drama.  Mr. Muller alleges that on or about March 20, 2007, the Bristol Township Police Department

---

[1] In Mr. Muller's Complaint, he also initially made claims against the Bristol Township Police Department.  However, Mr. Muller has since conceded that Bristol Township Police Department should be dismissed from the case.  See Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 5.  See also 9/1/09 Oral Argument Tr. at 7-8.
    Also, in Mr. Muller's Complaint, Mr. Muller made claims under the Pennsylvania Constitution and Pennsylvania common law.  However, Mr. Muller has since conceded that these claims also should be dismissed.  See 9/1/09 Oral Argument Tr. at 7.

[2] This Motion to Dismiss was also filed on behalf of Defendant Bristol Township Police Department, but Mr. Muller has since conceded to the dismissal of Defendant Bristol Township Police Department.  See note 1, supra.

summoned a "SWAT-type team" of officers to surround Mr. Muller's home in Bristol Township, Bucks County, Pennsylvania, employing automatic weapons, sniper units and armored vehicles. Compl. at ¶¶ 5, 7. Mr. Muller's Complaint states, "[a]llegedly, [Mr. Muller] had either threatened to hurt himself or others at some earlier time." Id. at ¶ 6. Meanwhile, telephone contacts were established at various times between Mr. Muller and the Bristol Township Police Department, during which Mr. Muller denied that he had threatened to hurt himself or others, and denied that he was present at his home. Id. at ¶¶ 8-9.

Nevertheless, Mr. Muller alleges, the officers[3] vandalized two motor vehicles and two motorcycles owned by Mr. Muller, by cutting tire stems and wires. Id. at ¶ 10. Then, after more than six hours had passed, the officers fired numerous noxious gas canisters into Mr. Muller's residence, destroying windows, damaging household contents and putting holes into interior walls. Id. at ¶ 11. The release of this gas contaminated the entire household. Id. at ¶ 12. Subsequently, the officers forcibly entered Mr. Muller's home, causing further damage to the home. Id. at ¶ 13. During this time, Mr. Muller's dog escaped the gas-filled residence and was hit and killed by a passing car. Id. at ¶ 14.

After the officers thoroughly searched Mr. Muller's residence, they apparently concluded that Mr. Muller indeed was not present at his house during the "siege." Id. at ¶ 15. Later, Mr. Muller appeared at the Bristol Township Police Department, where he was questioned. Id. at ¶ 16. He was taken to Lower Bucks Hospital for drug testing and a psychological/psychiatric

---

[3] Mr. Muller states that various acts were done by "Defendant," "members of Defendant or those under the control and command of Defendant," or the "Bristol Township Police Department." Based on the allegations of the Complaint, it is clear that Mr. Muller actually means that certain of these acts were done by the police officers making up the "SWAT-type team." For the sake of readability, the Court will make reference to the unidentified police officers (who are not parties to this case) where appropriate. This alteration in nomenclature does not affect the analysis or outcome of the case.

evaluation. Id. at ¶ 16. No drugs were detected, and Mr. Muller's behavior was normal. Id. at ¶ 16. Mr. Muller was released, and Lower Bucks Hospital billed him $2,376 for its services. Id. at ¶¶ 17-18.

On March 21, 2007, criminal charges were filed against Mr. Muller, alleging Terroristic Threats and Harassment. Id. at ¶ 19.[4] At all relevant times, according to Mr. Muller, the Police Department was aware that the complaining witness was unreliable and lacked credibility. Id. at ¶ 20. Mr. Muller surrendered to the court system[5] and was released on bail, but his probation officer detained him because of the pending charges. Id. at ¶¶ 21-22. Mr. Muller remained detained at the Bucks County Correctional Facility for approximately seven days. Id. at ¶ 23.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). Specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable

---

[4] In his Complaint, Mr. Muller states that a copy of the criminal complaint was attached as Exhibit A, see Compl. at ¶ 19, but no exhibits appear with his Complaint.

[5] Mr. Muller states that he surrendered to the "District Justice Court of Joanne Kline." Mr. Muller appears to be referring to Magisterial District Judge Joanne Kline.

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (confirming that Twombly applies to all civil cases).[6]

The Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, "need not accept as true 'unsupported conclusions and unwarranted inferences,'" Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

The Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Ieradi v. Mylan Labs., Inc., 230 F.3d 594, 600 n. 3 (3d Cir.2000) ("Under Federal Rule of Evidence 201, we may take judicial notice at any stage of the proceeding of a fact not subject to reasonable dispute that is

---

[6] None of the parties mention Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), or Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), in their briefs on the pending motion, and counsel admitted at oral argument that they were not familiar with these cases. See Defs.' Br. in Supp. of Mot. to Dismiss at 3; Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 2; 9/1/09 Oral Argument Tr. at 9. The Court commends both cases to counsel for their future reference. In addition, while perhaps garnering recognition for his candor in volunteering that he has "disdain for [the Rules of Civil Procedure] but not contempt," 9/1/09 Oral Argument Tr. at 13, the Court reiterates the dismay prompted by that candor and also again suggests that counsel try to overcome his disdain and review the Rules.

capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned."); Pension Benefit Guaranty Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

IV. DISCUSSION

    A. Mr. Muller's § 1983 Claim

Municipalities cannot be held vicariously liable pursuant to 42 U.S.C. § 1983 because under this statute there is no respondeat superior liability for the actions of municipal agents. Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell v. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)). The Third Circuit Court of Appeals recently stated that, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." McTernan v. City of York, 564 F.3d 636, 657 (3d Cir. 2009) (internal citations omitted). See Leatherman v. Tarrant County, 507 U.S. 163, 166-67 (1993) (noting that while there is no "heightened pleading standard" for a § 1983 claim involving municipal liability, "a [municipality] cannot be held liable unless a municipal policy or custom caused the constitutional injury."). See also Sanford, 456 F.3d at 314 (upholding district court's grant of summary judgment on municipal liability claim because plaintiff did not present evidence to show that injuries were caused by a policy or custom of the defendant school district); Berg v. County of Allegheny, 219 F.3d 261, 275-76 (3d Cir. 2000) (reversing district court's grant of summary judgment on municipal liability claim because there were issues of fact as to whether plaintiff's injuries were caused by a policy or custom of the police department).

The Third Circuit Court of Appeals provided further guidance on the "policy or custom" requirement:

> A government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanently and well-settled" as to virtually constitute law.

McTernan, 564 F.3d at 658 (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal citations omitted). See also Jiminez v. All American Rathskeller, 503 F.3d 247, 250 (3d Cir. 2007); Berg, 219 F.3d at 275-76. "Custom requires proof of knowledge and acquiescence by the decisionmaker." McTernan, 564 F.3d at 658 (internal citations omitted). Federal Rule of Civil Procedure 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief" that rises "above the speculative level." Id. (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965 & n. 3)). "Rule 8(a)(2) requires that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 658 ((quoting Phillips, 515 F.3d at 231) (quoting Twombly, 127 S.Ct. at 1966)).

Here, Defendants argue that Mr. Muller's complaint does not allege a municipal policy or custom sufficient to support a Monell claim. Defs.' Br. in Supp. of Mot. to Dismiss at 6. Indeed, the only mention of a municipal policy or custom in the Complaint is in Paragraph 4, where Mr. Muller alleges that

> [a]t all times relevant hereto, the actions described were supervised, controlled and ordered by members of the Bristol Township Police Department acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Pennsylvania, County of Bucks and/or Bristol Township.

Compl. at ¶ 4. This is little more than a recitation of § 1983 itself, and a "[f]ormulaic recitation of the elements of a cause of action will not do." McTernan, 564 F.3d at 659 (quoting Phillips, 515 F.3d at 231 (quoting Twombly, 127 S.Ct. at 1964-65)). This is the only time that the words

"policies" and "customs" are used in the Complaint, and nowhere does Mr. Muller specify, describe or even allude to the relevant "policies" and "customs" of which he complains.

To satisfy the basic pleading standard, Mr. Muller must identify the relevant customs or policies, and specify what they were. McTernan, 564 F.3d at 658 (internal citations omitted). Although Mr. Muller's other factual allegations may give notice as to the alleged wrongdoing of the individual police officers, they do not give notice as to the alleged policy or custom of the municipality at issue. See McTernan, 564 F.3d at 657-59 (upholding district court's dismissal of claims because plaintiff's allegation that his rights were violated "due to the City's policy of ignoring First Amendment right[s.]" was not sufficient to allege a Monell claim); Amaro v. Montgomery County, No. 06-3131, 2008 U.S. Dist. LEXIS 67993, *12, n.5 (E.D. Pa. Sept 9, 2008) (dismissing § 1983 Monell claim because plaintiff did not plead the existence of a custom or policy that caused plaintiff's injuries).

To the extent that Mr. Muller addresses the Township's "policy or custom" argument, he does so in the following passage, which also addresses the Township's argument that Mr. Muller did not allege an underlying Constitutional violation:

> Defendant begins its argument by stating that the complaint is "devoid of any factual allegations that, if true, demonstrate any employee (of defendants) violated his constitutional rights . . ."
> A plain reading of the complaint reveals that Defendants' officers engaged in just such conduct, not just during the hours of surrounding and then invading Plaintiff's residence but for the days that followed. This case does not involve one or two officers but numerous members of Defendant police force.
> Discovery has not been undertaken to further develop the identity of these individuals responsible for the violation of Plaintiff's rights as well as those in supervisory or command positions, who set policy, training,[7] etc. At the appropriate

---

[7] A plaintiff may also recover under § 1983 "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388-89 (1989); Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001). Hypothetically, Mr. Muller *could* bring claims against the Township on a failure

juncture, an amended complaint may well be in order.

Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 3.

Mr. Muller's suggestion that he "may well" file an amended Complaint at some point in the future does not allow him to circumvent his pleading obligations regarding his Monell claim. In order for the Township to be liable under Monell, Mr. Muller must allege a policy or custom that caused his injuries. Mr. Muller has failed to do this with sufficient specificity. Accordingly, his § 1983 claim must be dismissed,[8] and the Court need not address the argument contained in the motion to dismiss that Mr. Muller failed to allege an underlying Constitutional violation.

### B. Mr. Muller's § 1985(3) and § 1986 Claims

#### 1. Mr. Muller's § 1985(3) Claim

Section 1985 describes three types of actionable conspiracies in three separate provisions: (1) preventing an officer from performing duties; (2) obstructing justice, or intimidating a party, witness, or juror; and (3) depriving persons of rights or privileges. See 42 U.S.C. § 1985. Mr. Muller's Complaint does not state which type of conspiracy he is alleging. However, because his Complaint does not mention either preventing any officer from performing any duties or obstructing any judicial proceeding, it is fair to assume that the first two provisions of § 1985 are inapplicable, and that Mr. Muller is asserting a claim under the third provision.

Section 1985(3) allows claims by plaintiffs who are injured by a conspiracy formed "for

---

to train theory. However, Mr. Muller did not plead any facts in his Complaint to support such a claim. The first time that Mr. Muller mentions "training" is in his counsel's response to the motion to dismiss.

[8] Also, nowhere in Mr. Muller's Complaint does he allege any conduct by a municipal decisionmaker. See McTernan, 564 F.3d at 658. Mr. Muller asserts that "Defendant" and "members of Defendant or those under the control and command of Defendant" took various actions, but nowhere does he allege that the actions were directed by any municipal decisionmakers.

the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a § 1985(3) claim, a plaintiff must sufficiently allege the following:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations omitted). A plaintiff "must allege the existence of an agreement among the defendants, as well as the duration of the conspiracy, its object, and actions taken in furtherance of it." D'Altilio v. Dover Twp, No. 06-1931, 2007 U.S. Dist. LEXIS 71414, *35 (M.D. Pa. Sept. 26, 2007). Moreover, a plaintiff must allege that the defendants were motivated by class-based animus, similar to the requirement under §§ 1981 and 1982. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993); Farber, 440 F.3d at 135 (internal citations omitted).

Mr. Muller's Complaint is devoid of any allegations regarding class-based animus. Accordingly, Mr. Muller's § 1985(3) claim must be dismissed, and the Court need not address the arguments contained in the motion to dismiss that Mr. Muller failed to allege the various required particulars, namely, the existence of an agreement between the defendants, the period of the alleged conspiracy, the object of the conspiracy or the actions taken in furtherance of the conspiracy. See, e.g., Greenberg v. United States, No. 07-3664, 2007 U.S. Dist. LEXIS 87432, **9-10 (E.D. Pa. Nov. 28, 2007) (dismissing plaintiff's § 1985(3) claim because plaintiff failed to plead class-based animus). See also 9/1/09 Oral Argument Tr. at 5-6.

### 2. Mr. Muller's § 1986 Claim

Section 1986 states in part, "[e]very person who, having knowledge that any of the

wrongs conspired to be done, and mentioned in the proceeding section [§ 1985], are about to be committed, and having power to prevent...the same, neglects or refuses so to do...shall be liable to the party injured." 42 U.S.C. § 1986. Analytically, without a valid § 1985 claim, there can be no § 1986 claim. See Greenberg, 2007 U.S. Dist. LEXIS 87432, at **8-10 (dismissing plaintiff's § 1986 claim because plaintiff failed to plead a § 1985 claim). Accordingly, because the Court dismisses Mr. Muller's § 1985 claim, the Court must also dismiss his § 1986 claim.

V.  CONCLUSION

For the reasons discussed above, the Court grants the pending motion and dismisses all of Mr. Muller's claims without prejudice. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE